214 So.2d 330

**Percy MILES, alias Percy Myers**

v.

**STATE of Alabama.**

**2 Div. 516.**

Supreme Court of Alabama.

Sept. 19, 1968.

---

W. Quinton Kendall, Selma, for appellant.

MacDonald Gallion, Atty. Gen. and Marlin Mooneyham, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Dallas County, Alabama, denying a petition for a writ of error coram nobis. The petition for writ of error coram nobis was filed December 19, 1967, and the trial judge set the petition down for hearing and heard the same on February 26, 1968.

In substance, the petition alleges that petitioner was convicted of murder in the second degree in Dallas County, Alabama, in 1940; that he was deprived of his constitutional rights in that he was convicted of murder in the second degree by virtue of the proceedings against him before and at the trial. Petitioner further alleges that he did not have a lawyer before or at the trial.

The trial court appointed a reputable lawyer of Dallas County, Alabama, to represent the petitioner on the hearing of his petition. The petitioner and his court-appointed lawyer did appear for the hearing of the petition and were present at all stages of the proceedings. The trial judge heard the petition on evidence taken ore tenus. After the hearing, the trial judge entered the following decree:

"The petitioner, Percy Myers, by Writ of Error Coram Nobis in this Court, a hearing was set on February 27, 1968, at which time petitioner was present in Court with counsel appointed for him by the Court, and petitioner and his counsel at that hearing were given the opportunity to offer evidence, and said evidence was offered and made of record in the hearing of this cause.

"Upon due consideration of the evidence presented and the record of this Court, of which judicial knowledge is taken, and the evaluation of the evidence presented, the Court makes these findings with reference to each of the grounds set out by the petitioner in his original petition; that as to each and every ground presented in the petition the petitioner failed of proof of any substantive allegation of his petition, and the Court specifically rejects each and every contention made by the petitioner in his petition. In fact, the evidence offered by the petitioner under oath, when

measured against the Court records and the established facts of the petitioner's trial by jury in the Circuit Court of Dallas County, Alabama, indicate that evidence to be fraudulent or perjured and the credibility of the petitioner impunged beyond any color of belief.

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the petition of Percy Myers, writ of error coram nobis, be, and the same is, hereby rejected and denied.

"Done this 27th day of February, 1968.

"James A. Hare
Judge"

We have carefully examined the evidence that was taken on hearing of this petition and are clear to the conclusion that the petitioner failed to substantiate any material allegations of the petition.

The decree of the lower court is due to be, and is, affirmed.

Affirmed.

SIMPSON, COLEMAN and KOHN, JJ., concur.